UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>                    Plaintiff,<br><br>      v.<br><br>JESSICA SANTIAGO,<br><br>                    Defendant. | CASE NO. 1:16-cv-01065-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening. (ECF No. 1.) He has consented to Magistrate Judge jurisdiction. (ECF No. 3.) No other party has appeared.

## I. Screening Requirement

The *in forma pauperis* statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is "unlawfully" detained at Coalinga State Hospital ("CSH"). He names as Defendant Jessica Santiago, former Unit 6 Supervisor of CSH.

His allegations may be summarized as follows:

On April 5, 2016, because Plaintiff refused to take his medication, Defendant placed Plaintiff's access-hall card on medical hold to prevent him from entering and exiting his housing unit.

Plaintiff told Defendant that the medication had adverse side effects. Plaintiff also stated that the doctor who prescribed the medication, Dr. Kim Nguyen (not a defendant), was intentionally trying to cause Plaintiff pain. It appears that the medication was intended to treat Plaintiff's high blood pressure.

Plaintiff accused Defendant of elder abuse and of depriving him of his rights without a disciplinary hearing.

On April 6, 2016, Plaintiff was found guilty at a "kangaroo" disciplinary hearing of refusing to take his medication. Plaintiff states he was denied his due process right to have witnesses present at the hearing and to representation by a hospital staff member during the hearing.

Plaintiff alleges violations of his procedural and substantive due process rights, elder abuse, and false imprisonment. Plaintiff seeks a reversal and expungement of the guilty finding against him, reinstatement of his access card, and punitive damages in the amount of $10,000,000. He also seeks the appointment of counsel.

### IV. Analysis

#### A. Appointment of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an

attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well-versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that plaintiff is likely to succeed on the merits, and there is no indication that Plaintiff cannot adequately articulate his claims. Id. Plaintiff's request for counsel will be denied without prejudice.

**B.    "Unlawful" Detention**

Plaintiff maintains that he is detained "unlawfully" pursuant to a civil commitment petition that allegedly expired fourteen years ago. (Compl. (ECF No. 1) at 1.) Plaintiff filed a petition of habeas corpus contesting his detention under Williams v. King, N.D. Cal. Case No. 4:14-cv-001831-PJH (petition denied Sept. 8, 2015), *appeal docketed*, No. 15-17499 (9th Cir. Dec. 22, 2015).

Plaintiff was advised on at least one other occasion that he may not challenge the fact of his confinement in a § 1983 case. See Williams v. King, E.D. Cal. Case No. 1:13-cv-001253-MJS (dismissed Jan. 28, 2015).The legality of Plaintiff's commitment is not an issue properly before this Court.

4

**C.     Procedural Due Process**

The Due Process Clause protects individuals from deprivations of liberty without due process of law. U.S. Const. amend. XIV. To make a Fourteenth Amendment procedural due process claim, a Plaintiff must show: (1) that a life, liberty or property interest exists and has been subject to interference by the state; and (2) that the procedures attendant upon the deprivation of that interest were constitutionally insufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state laws or policies. Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974).

Civil detainees have a liberty interest in not being punished without due process. See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *21 (C.D. Cal. Aug. 24, 2010) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (requiring pretrial detainees be afforded a hearing prior to being subjected to disciplinary action)); see also Cerniglia v. Cty. of Sacramento, No. 2:99-cv-01938-JKS-DAD, 2008 WL 1787855, at *14 (E.D. Cal. Apr. 18, 2008) (noting that "[c]ontrolling law in this circuit is that due process requires that a pretrial detainee be provided a hearing before being subjected to internal disciplinary action" and seeing no reason not to extend that principle to civil detainees).

The Supreme Court has outlined the minimum procedural protections due before a detainee may be deprived of a liberty interest effecting major changes in the conditions of confinement amounting to punishment. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Mitchell v. Dupnik, 75 F.3d at 525 (applying Wolff to pretrial detainees); Rhoden, 2010 WL 4449711, at *22 (applying Wolff to civil detainees.) They are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his

defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

At present, Plaintiff's complaint contains no factual allegations supporting a procedural due process claim. Plaintiff has not shown how Defendant's deactivation of his access card was punitive in nature. Bell v. Wolfish, 441 U.S. 520, 536-37 (1979) (a civilly committed person may be subjected to "the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment."). Plaintiff also provides no details about the April 6, 2016 hearing, such as the identities of those present, the role Defendant played, the procedures afforded him, or the ultimate result. Plaintiff's procedural due process claim will be dismissed with leave to amend.

### D. Right to Refuse Medical Treatment

Plaintiff alleges the violation of his right to refuse unwanted medical treatment.

A "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment." Cruzan by Cruzan v. Dir., Mo. Dept. of Health, 497 U.S. 261, 278 (1990). In order to determine whether Plaintiff's right to refuse treatment was violated, the Court must balance Plaintiff's "liberty interests against the relevant state interests." Cruzan, 497 U.S. at 279. Specifically, the Court must consider "the need for the government action in question, the relationship between the need and the action, the extent of harm inflicted, and whether the action was taken in good faith or for the purpose of causing harm." Plumeau v. Sch. Dist. No. 40, 130 F.3d 432, 438 (9th Cir. 1997) (quotation omitted); see also Jacobson v. Massachusetts, 197 U.S. 11, 24-30 (1905) (where the Court balanced an individual's liberty interest in declining an unwanted smallpox vaccine against the State's interest in preventing the disease).

The treatment Plaintiff reportedly refused was intended to treat high blood pressure. Balancing Plaintiff's liberty interests against the relevant state interests of

safety and security, Plaintiff has sufficiently pled that he had a right to refuse this treatment. However, it is not clear from Plaintiff's complaint that he ever actually took the prescribed medication, or that Defendant forcibly administered these treatments against Plaintiff's will. The Due Process Clause protects against unjustified *intrusions* into the body, Benson v. Terhune, 304 F.3d 874, 884 (9th Cir. 2002), and the mere fact that Plaintiff was issued a prescription for a medication he did not want does not rise to the level of a constitutional violation. Plaintiff's right to refuse treatment claim will be dismissed with leave to amend.

### E. Retaliation

Plaintiff states Defendant retaliated against Plaintiff for exercising his Fourteenth Amendment right to refuse medical treatment by deactivating Plaintiff's access card.

Section 1983 provides for a cause of action against officials who retaliate against detainees for exercising their constitutionally protected rights. See Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the institutional context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against a [detainee] (2) because of (3) that [detainee's] protected conduct, and that such action (4) chilled the [detainee's] exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate [institutional] goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a

7

triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, the right to refuse unwanted medical treatment is constitutionally protected. Cruzan, 497 U.S. at 278.

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a detainee must affirmatively allege that the "authorities' retaliatory action did not advance legitimate goals of the [] institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

Here, Plaintiff has not alleged facts that would support a claims that Defendant's conduct was for punitive purposes and not in furtherance of a legitimate penological goal. Plaintiff's retaliation claim will be dismissed with leave to amend.

### F. State Law Claims

Plaintiff alleges he was falsely imprisoned. False imprisonment is a state law tort.

This Court may exercise jurisdiction over a state law claim pursuant to 28 U.S.C. § 1367(a), which states in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III [of the Constitution]," except as provided in subsections (b) and (c). "[Once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." ACI v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as

well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Additionally, before the Court can consider the validity of Plaintiff's state claims against any Defendants, Plaintiff must allege compliance with the California Tort Claims Act. The Act requires would-be tort plaintiffs to present their claims against public entities to the California Victim Compensation and Government Claims Board, no more than six months after the cause of action accrues. Cal. Govt. Code § 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are prerequisites to filing suit. Castaneda v. CDCR, 212 Cal. App. 4th 1051, 1061 (Cal. Ct. App. 2013); Easter v. CDC, 694 F.Supp.2d 1177, 1185-1186 (S.D. Cal. 2010). Here, Plaintiff has not alleged compliance with the Act. If Plaintiff chooses to pursue state claims, he must have first presented them to the Victim Compensation and Government Claims Board.

The Court will apprise Plaintiff of the standard for his false imprisonment claim, should Plaintiff believe he can allege a cognizable claim in his amended complaint.

### 1.     False Imprisonment

Under California law, false imprisonment is the "'unlawful violation of the personal liberty of another.'" Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998) (quoting Asgari v. City of Los Angeles, 15 Cal.4th 744, 757 (1997)). The elements of a claim for false imprisonment are: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief.'" Young v. County of Los Angeles, 655 F.3d 1156, 1169 (9th Cir. 2011) (citing Easton v. Sutter Coast Hospital, 80 Cal. App. 4th 485, 496 (Cal. Ct. App. 2000)).

### G.    Elder Abuse

Plaintiff accuses Defendant of elder abuse. The Court assumes Plaintiff refers to the Elder Abuse and Dependent Adult Civil Protection Act ("Act"). See Cal. Welf. & Inst. Code §§ 15600 et seq. The Act provides for liability for physical abuse or neglect where the defendant acted with recklessness, oppression, fraud or malice in the commission of the abuse. See Cal. Welf. & Inst. Code § 15657.

9

Plaintiff fails to demonstrate the applicability of the Act. He does not allege that he is an "elder" or "dependent adult", see Cal. Welf. & Inst. Code §§ 15610.23, 15610.27; that he suffered physical or mental harm or was deprived of necessities to avoid such harm, see Cal. Welf. & Inst. Code § 15610.07; and that he has standing to enforce the Act, see Cal. Welf. & Inst. Code §§ 15600(i)(j), 15656 15657-15657.8. Plaintiff's conclusory allegations fail to rise to the level of a violation of the Act and he therefore fails to state a claim.

Even if Plaintiff had alleged a sufficient claim under the Act, the Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim, as stated above. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

### H.     Declaratory Relief

Plaintiff seeks declaratory relief. Plaintiff's claims for damages necessarily entail a determination of whether his rights were violated, and therefore, his separate request for declaratory relief is subsumed by those claims. Rhodes v. Robinson, 408 F.3d 559, 566 n. 8 (9th Cir. 2005).

### I.     *In Forma Pauperis* Status

Finally, Plaintiff argues that he is entitled to *in forma pauperis* status. However, Plaintiff has already applied for and been granted *in forma pauperis* status in this case. (ECF Nos. 5 & 6.) Therefore, the arguments on this point in Plaintiff's complaint will be disregarded.

### V.     Conclusion and Order

Plaintiff's complaint fails to state any cognizable claims. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that the named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed July 25, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file
   a. A first amended complaint curing the deficiencies identified by the Court in this order; or
   b. A notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary, this action will be dismissed, with prejudice, for failure to comply with a court order, failure to prosecute, and failure to state a claim.

IT IS SO ORDERED.

Dated:   November 1, 2016            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE