UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>JESSICA SANTIAGO,<br><br>            Defendant. | CASE NO. 1:16-cv-01065-MJS (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 8)**<br><br>**THIRTY DAY DEADLINE** |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. On November 1, 2016, the Court screened Plaintiff's complaint and found it stated no cognizable claims. (ECF No. 7.) Plaintiff was granted thirty days to amend. (Id.) His November 22, 2016 first amended complaint is before the Court for screening. (ECF No. 8.) He has consented to Magistrate Judge jurisdiction. (ECF No. 3.) No other party has appeared.

## I. Screening Requirement

The *in forma pauperis* statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.     Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"). He names Jessica Santiago "et al." as Defendants in the caption of his complaint. He does not explicitly list any other Defendants, but his factual allegations include the names "Dr. R. Chand" and "Dr. Kim Nguyen."

Plaintiff's allegations can be summarized essentially as follows: On April 5, 2016, after Plaintiff refused to take certain medications because of extreme side effects, Defendant Santiago, a former Unit 6 supervisor at CSH, and other individuals, violated the Due Process Clause of the Fourteenth Amendment by placing Plaintiff's access card on hold and preventing him from entering and exiting the housing unit without a proper hearing. Plaintiff was denied: 1) written notice of the charges against him; 2) 24 hours advanced notice of the hearing; 3) a written statement by the fact-finder stating his or her reasons for the disciplinary action; 4) the right to call witnesses; and 5) legal assistance where Plaintiff may have been illiterate or where the issues presented were legally complex. Plaintiff also alleges that on March 31, 2016, Dr. Chand threatened to falsely report that Plaintiff was not competent to make his own medical decisions so that Plaintiff could be forcibly medicated without a court order. This threat was in retaliation for Plaintiff's continued refusal to take the medications prescribed by Dr. Kim Nguyen, including Plavix (a blood thinner), which caused Plaintiff internal bleeding and a heart attack one month prior.

Plaintiff's access card remains on hold, therefore he is unable to enter or leave his unit without a staff member. He states he is being punished for filing this suit.

Plaintiff seeks the reversal of the guilty finding at his disciplinary hearing, expungement of his disciplinary record, reinstatement of his access card, and punitive and compensatory damages. He also seeks the appointment of counsel.

3

## IV.  Analysis

Plaintiff's first complaint was dismissed for failure to state a claim. He was advised of the pleading standards for his due process and retaliation claims and directed to include more facts in his amended complaint. (See ECF No. 7 at 5-8.) Despite this, Plaintiff's amended complaint simply repeats the conclusory allegations contained within his first complaint, recites the elements of each cause of action, and attempts to argue why the claims he makes are legally sufficient. Plaintiff also argues that the Court's prior screening order imposed an improper "heightened" pleading standard for each of his claims.

While Plaintiff is correct that "detailed factual allegations" are not required at the pleading stage, Iqbal, 556 U.S. at 678, a complaint still must set forth facts which, taken as true, state a plausible claim for which relief may be granted. Fed. R. Civ. P. 8(a)(2). For the reasons set forth below, Plaintiff's first amended complaint will be dismissed. He will, however, be given one final opportunity to amend.

### A.  Procedural Due Process

The Due Process Clause protects individuals from deprivations of liberty without due process of law. U.S. CONST. amend. XIV. To make a Fourteenth Amendment procedural due process claim, a Plaintiff must show: (1) that a life, liberty or property interest exists and has been subject to interference by the state; and (2) that the procedures attendant upon the deprivation of that interest were constitutionally insufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state laws or policies. Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974).

Civil detainees have a liberty interest in not being punished without due process. See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *21 (C.D. Cal. Aug. 24, 2010) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (requiring pretrial detainees be afforded a hearing prior to being subjected to disciplinary action));

4

see also Cerniglia v. Cty. of Sacramento, No. 2:99-cv-01938-JKS-DAD, 2008 WL 1787855, at *14 (E.D. Cal. Apr. 18, 2008) (noting that "[c]ontrolling law in this circuit is that due process requires that a pretrial detainee be provided a hearing before being subjected to internal disciplinary action" and seeing no reason not to extend that principle to civil detainees).

The Supreme Court has outlined the minimum procedural protections due before a detainee may be deprived of a liberty interest effecting major changes in the conditions of confinement amounting to punishment. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Mitchell v. Dupnik, 75 F.3d at 525 (applying Wolff to pretrial detainees); Rhoden, 2010 WL 4449711, at *22 (applying Wolff to civil detainees.) They are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

On these facts, it is not clear that Plaintiff's access card was placed on hold for punitive reasons or even as part of a disciplinary or other hearing to which process rights attach. Even assuming the deactivation of Plaintiff's access card constituted a major change in the condition of his confinement amounting to punishment, there are no facts from which the Court can determine that this deprivation violated due process. Plaintiff provides no details about the hearing in which he was supposedly found guilty of a disciplinary violation, such as the identities of those present (he simply writes "Defendant Santiago . . . and others"), the role each Defendant played, the procedures afforded prior to and during the hearing, or even the charge he was found guilty of. Plaintiff's bare assertion that he was denied all of the procedural protections outlined in Wolff does not

state a claim. There is no evidence that Plaintiff wished to present witnesses or required assistance due to his illiteracy or other disability. Plaintiff will be given one final opportunity to provide more facts about his disciplinary hearing and respond to the questions raised above and make it explicit why and how this deprivation was punitive in nature.

### B. Retaliation

Plaintiff states he was retaliated against for exercising his Fourteenth Amendment right to refuse medical treatment.

Section 1983 provides for a cause of action against officials who retaliate against detainees for exercising their constitutionally protected rights. See Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the institutional context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against a [detainee] (2) because of (3) that [detainee's] protected conduct, and that such action (4) chilled the [detainee's] exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate [institutional] goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th

Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, the right to refuse unwanted medical treatment is constitutionally protected. Cruzan by Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261, 278 (1990).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a detainee must affirmatively allege that the "authorities' retaliatory action did not advance legitimate goals of the [] institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

Here, Plaintiff alleges that Dr. Chand "threatened" to file a report stating Plaintiff was incompetent to make his own medical decisions. Dr. Chand did so after Plaintiff refused to take medications prescribed by Dr. Nguyen. Plaintiff also alleges that Defendant Santiago placed Plaintiff's access card on hold after he refused to take his medications.

These allegations are insufficient to state a claim for retaliation. It appears that Dr. Chand merely threatened to take steps to forcibly medicate Plaintiff if Plaintiff continued to refuse his medications. There is no allegation that Dr. Chand carried out this threat or otherwise took any adverse action against Plaintiff.

As to Santiago, even assuming she disabled Plaintiff's access card after he refused his medications, it is not alleged that her actions were purely for punitive purposes and not in furtherance of a legitimate institutional goal. Finally, Plaintiff's conclusory allegation that he is being "punished" for filing this lawsuit does not state a claim.

Plaintiff's retaliation claim will be dismissed. He will be given a final opportunity to

amend.

## V.     Appointment of Counsel

In its prior screening order, the Court advised Plaintiff that he was not entitled to the appointment of pro bono counsel. (ECF No. 7 at 3-4.) Plaintiff has presented no change in circumstances necessitating the appointment of counsel at this juncture, therefore his request will again be denied.

## VI.    Conclusion and Order

Plaintiff's first amended complaint fails to state any cognizable claims. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 8) is DISMISSED with leave to amend;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint filed November 22, 2016;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file
    a. A second amended complaint curing the deficiencies identified by the Court in this order; or
    b. A notice of voluntary dismissal; and
4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order, failure to prosecute, and failure to state a claim.

IT IS SO ORDERED.

Dated:   February 10, 2017            /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE