UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>   Plaintiff,<br><br>   v.<br><br>JESSICA SANTIAGO,<br><br>   Defendant. | CASE NO. 1:16-cv-01065-MJS (PC)<br><br>**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 10)**<br><br>**CLERK TO CLOSE CASE** |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on July 25, 2016. (ECF No. 1.) On November 1, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) On February 13, 2017, the Court screened Plaintiff's first amended complaint ("FAC") and found it again stated no cognizable claims. (ECF No. 9.) Plaintiff was granted thirty days to amend. (Id.) His March 1, 2017 second amended complaint ("SAC") is now before the Court for screening. (ECF No. 10.) He has consented to Magistrate Judge jurisdiction. (ECF No. 3.) No other party has appeared.

**I.     Screening Requirement**

The *in forma pauperis* statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III.   Plaintiff's Allegations

Plaintiff is detained at Coalinga State Hospital ("CSH"). Plaintiff's SAC names Jessica Santiago "et al." as Defendants in the caption of his complaint. Plaintiff does not expressly name the other Defendants. He also does not set forth the facts giving rise to his claims. Rather, Plaintiff intersperses his factual allegations with legal arguments asserting that his original complaint was improperly dismissed.

An amended complaint supersedes the prior complaint, and should be complete in and of itself. Lacey v. Maricopa County, 693 F.3d 896, 907 n. 1 (9th Cir. 2012). The following factual allegations are therefore drawn solely from Plaintiff's SAC.  The facts contained within Plaintiff's prior complaints are therefore not repeated herein.  (The undersigned has, however, reviewed them and concluded that consideration of them would not, In any event, change the outcome of this case.)

On April 5, 2016, Defendant Santiago, a former Unit 6 supervisor, placed Plaintiff's access hall card on medical hold as punishment and in retaliation for Plaintiff exercising his "Fifth Amendment" right to refuse medication. Plaintiff refused his medications because they caused adverse side effects. Santiago did not conduct a disciplinary hearing before deactivating the access card. Plaintiff was thus denied: 1) written notice of the charges against him; 2) 24 hours advanced notice of the April 5 "hearing" during which Santiago disabled the card; 3) a written statement by Santiago stating her reasons for disabling the card; 4) the right to call witnesses; and 5) staff

assistance to defend his case. Santiago acted alone when she determined that Plaintiff was guilty of not taking his medications and placed his access card on medical hold.

On February 17, 2017 (after the instant case was filed), Dr. Chand threatened to falsely report that Plaintiff was not competent to make his own medical decisions in refusing to take his blood pressure medications. The threat was in retaliation for Plaintiff's continued refusal to take other heart-related medications prescribed by Dr. Nguyen.

Plaintiff alleges retaliation and the violation of his due process rights under the Fourteenth and Fifth Amendments.

## IV. Analysis

Plaintiff's first two complaints were dismissed for failure to state a claim. For the reasons set forth below, Plaintiff's SAC will also be dismissed. Further leave to amend would be futile and will be denied.

### A. Reconsideration of the Dismissal of Plaintiff's FAC

Plaintiff requests that the dismissal of his FAC be "set aside," since, as Plaintiff argues, this Court erred in dismissing his FAC for failure to state a claim. The Court construes Plaintiff's request as a motion for reconsideration.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation . . .'" of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (*quoting* Bermingham v. Sony Corp. of Am., Inc., 820 F.

4

Supp. 834, 856 (D. N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

Here, Plaintiff believes the Court overreached its authority by resolving genuine issues of fact in Defendants' favor, and dismissing Plaintiff's claims based on their supposed frivolity. (Id.) Plaintiff relies on the Supreme Court case of Denton v. Hernandez, 504 U.S. 25 (1992), in support.

Denton involved a district court's dismissal of a prisoner's multiple civil rights complaints under the *in forma pauperis* statute, 28 U.S.C. § 1915(d), which allows the court to dismiss a case filed by a litigant proceeding *in forma pauperis* if it determines the action is frivolous or malicious. Id. at 27. All of the complaints alleged that Plaintiff had been drugged and raped numerous times by inmates and prison officers at several different institutions. Plaintiff appealed the dismissal of three of the cases. The circuit court reversed and remanded, concluding that dismissal of a complaint as factually frivolous was appropriate only where the allegations conflicted with judicially noticeable facts. Id. at 30. On review, the United States Supreme Court held that the circuit court incorrectly limited the power granted the court to dismiss a frivolous case under § 1915(d). Id. at 31. The Supreme Court, relying on a standard set forth in its decision in Neitzke v. Williams, 490 U.S. 319 (1989), stated that a finding of factual frivolousness "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them, but a complaint cannot be dismissed simply because the court finds the allegations to be improbable or unlikely." Denton, 504 U.S. at 25–26.

Here, the Court did not dismiss Plaintiff's FAC because the allegations were improbable or unlikely. Rather, the Court determined that even assuming Plaintiff's allegations were true, they failed to demonstrate that a constitutional violation had

5

occurred. Fed. R. Civ. P. 8(a)(2). Plaintiff's reliance on Denton is thus misplaced. As Plaintiff has not pointed to any new or different facts or circumstances necessitating reconsideration of the Court's dismissal of Plaintiff's FAC, his request is denied. In any event, Plaintiff was granted leave to amend his claims in a SAC.

### B. Substantive Claims

#### 1. Fifth Amendment

Plaintiff states he has a Fifth Amendment right to refuse unwanted medical treatment. As Plaintiff was previously advised, the right to refuse medical treatment arises from the Fourteenth Amendment. (ECF No. 7 at 6.) Plaintiff was advised of the pleading standards for such a claim yet failed to raise them in his SAC. To the extent Plaintiff believes his right to refuse medical treatment was violated, that claim will be dismissed without leave to amend.

#### 2. Procedural Due Process

In order to establish that his procedural due process rights were violated, Plaintiff must allege the existence of a protected liberty interest that was subject to interference by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1990). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state laws or policies. Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974).

The liberty interest at stake here is Plaintiff's interest in not being punished without due process. See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *21 (C.D. Cal. Aug. 24, 2010). Not all potential deprivations require the same level of procedural protections; "the requirements of due process are flexible and call for such protections as the particular situation demands." Id. (citing Wilkinson v. Austin, 545 U.S. 209, 224 (2005). To Plaintiff, the deactivation of his access card constituted punishment; Plaintiff thus believes he was entitled to the full panoply of Wolff protections prior this deactivation.

Plaintiff was directed to plead more facts detailing the "hearing" he was subjected to prior to the deactivation of his access card, as the Court could not determine what process Plaintiff was entitled to and what process was denied. Plaintiff's SAC is slightly more detailed; Plaintiff reports he was denied: (1) written notice of the charges against him; (2) 24 hours advance notice of the "hearing"; (3) a written statement by the fact-finder outlining her reasons for the disciplinary action; (4) the right to call witnesses; (5) and legal assistance.

Plaintiff claims he was punished after he was found "guilty" of a disciplinary violation. However, it is clear that what Plaintiff deems a deprivation of a liberty interest without due process was more likely an administrative measure taken in the interest of institutional order and security: Plaintiff refused to take his medication, therefore Defendant placed his access card on a medical hold, preventing Plaintiff from leaving his unit without staff supervision. Such a *de minimis* loss of privileges is not the sort of deprivation to which the Wolff procedural rights attach. Rhoden, 2010 WL 4449711, at *22 (citing Senty-Haugen v. Goodno, 462 F.3d 876, 886 n. 7 (8th Cir. 2006) (holding that depriving a civil detainee of privileges such as canteen access and computer privileges does not implicate the Constitution). Plaintiff's procedural due process claim will be dismissed without leave to amend.

### 3. Retaliation

Plaintiff claims he was retaliated against for refusing medical treatment. He was previously advised of the pleading standards for a retaliation claim. (ECF No. 9 at 6-7.) Nonetheless, he submits only the conclusory allegation that he was "retaliated" against. This claim will be dismissed without leave to amend.

**VI. Conclusion and Order**

Plaintiff's second amended complaint fails to state any cognizable claims. Further leave to amend would be futile and will be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for reconsideration of the Court's order dismissing Plaintiff's FAC is DENIED;
2. Plaintiff's SAC (ECF No. 10) is DISMISSED, with prejudice, for failure to state a claim;
3. The Clerk's Office shall terminate all pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:   April 7, 2017                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE