UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MICHAEL B. WILLIAMS, | CASE NO. 1:16-cv-01065-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO RECUSE AND MOTION TO APPOINT COUNSEL** |
| v. | |
| JESSICA SANTIAGO, | **(ECF NO. 18)** |
| Defendant. | |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 3.) No other party has appeared.

Plaintiff initiated this action on July 25, 2016. (ECF No. 1.) On November 1, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) On February 13, 2017, the Court screened Plaintiff's first amended complaint and found it again

stated no cognizable claims. (ECF No. 9.) Plaintiff was granted thirty days to amend. (Id.) His March 1, 2017 second amended complaint (ECF No. 10) was dismissed with prejudice on April 7, 2017 for failure to state a claim. (ECF No. 11.) Plaintiff filed a Notice of Appeal on April 24, 2017. (ECF No. 12.)

On January 25, 2018, the Ninth Circuit, citing its recent decision in Williams v. King, 875 F.3d 500, 503-04 (9th Cir. 2017), vacated the dismissal order and remanded the action for further proceedings because all parties, including unserved defendants, must consent to proceed before a magistrate judge for jurisdiction to vest. (ECF No. 17 at 2.) On February 16, 2018, the Ninth Circuit's mandate was entered in this case. (ECF No. 19.) On February 15, 2018, Plaintiff filed a motion to appoint counsel and motion for recusal of the undersigned Magistrate Judge. (ECF No. 18.)

For the reasons outlined below the motion to appoint counsel and motion for recusal of the undersigned are denied.

I. **Motion to Appoint Counsel**

Plaintiff appears to seek appointment of counsel on the ground that his complaint presents cognizable claims for relief. However, no court has made such a finding.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. ' 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances, especially since the Court has not even determined if Plaintiff has presented any cognizable claims for relief. While this Court's Order dismissing Plaintiff's second amended complaint was vacated by the Ninth Circuit, it was done so because the Undersigned was not vested with jurisdiction, not on the merits of Plaintiff's second amended complaint, which the Ninth Circuit did not address on its ruling. (ECF No. 17.)

Furthermore, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

Thus, the motion for appointment of counsel will be denied without prejudice.

**II.     Motion to Recuse**

Plaintiff moves to disqualify the undersigned Magistrate Judge from this action because of apparent bias. (ECF No. 18.) Specifically, Plaintiff argues that because the undersigned dismissed Plaintiff's second amended complaint and the Ninth Circuit vacated that dismissal, the undersigned has exhibited bias towards him. (Id.)

Federal law provides that a party may seek recusal of a judge based on bias or prejudice. 28 U.S.C. § 144. The standard for recusal under 28 U.S.C. § 144 is "'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Mayes v. Leipziger, 729 F.2d 607 (9th Cir. 1984) (quoting United States v. Nelson, 718 F.2d 315, 321 (9th Cir. 1983)). To provide adequate grounds for recusal, the prejudice must result from an extrajudicial source since a judge's previous adverse ruling alone is not sufficient for recusal. See id.

Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit. A judge who finds the affidavit legally sufficient must proceed no further under Section 144 and must assign a different judge to hear the matter. See 28 U.S.C. § 144; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Nevertheless, where the affidavit is not legally sufficient, the judge at whom the motion is directed can determine the matter. See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999)

3

(citing Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988) (holding that only after determining the legal sufficiency of a Section 144 affidavit is a judge obligated to reassign decision on merits to another judge)). If the affidavit is legally insufficient, then recusal can be denied. See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995).

Plaintiff's motion for recusal in this case is substantively insufficient under Section 144 because it fails to allege facts that would support the contention that the undersigned has exhibited bias or prejudice directed towards plaintiff from an extrajudicial source. See Sibla 624 F.2d at 868 ("An affidavit filed pursuant to [§ 144] is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."). Plaintiff's motion for recusal explicitly alleges bias and prejudice arising solely out of judicial actions taken by the undersigned. Plaintiff complains that the undersigned is biased against him based on the April 7, 2017 Order dismissing his second amended complaint. (ECF No. 18 at 3-4.)

The issues raised by Plaintiff in his motion for recusal are not proper grounds to disqualify a judge for bias and prejudice. As the United States Supreme Court has noted, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). Instead, the judicial rulings are a basis for appeal, not recusal. See id. ("In and of themselves . . . [judicial rulings] cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal."); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff's] allegations stem entirely from the district judge's adverse rulings. That is not an adequate basis for recusal.") (citations omitted).

Accordingly, Plaintiff's motion for recusal must be denied.

4

### III. Conclusion and Order

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion for appointment of counsel and motion for recusal are DENIED.

IT IS SO ORDERED.

Dated: February 21, 2018     /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE