UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>JESSICA SANTIAGO,<br><br>Defendant. | CASE NO. 1:16-cv-01065-MJS (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO EITHER FILE A NOTICE TO STAND ON FIRST AMENDED COMPLAINT, FILE A NOTICE TO STAND ON THE SECOND AMENDED COMPLAINT, OR FILE A THIRD AMENDED COMPLAINT**<br><br>**THIRTY-DAY DEADLINE** |

**I.     Introduction and Background**

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 3.) No other party has appeared.

Plaintiff initiated this action on July 25, 2016. (ECF No. 1.) On November 1, 2016, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 7.) Plaintiff amended, but on February 13, 2017, the Court found that his first amended complaint also failed to state a cognizable claim. (ECF No. 9.) Plaintiff was granted thirty days to

amend. (Id.) On March 1, 2017, Plaintiff filed a "second amended complaint," much of which was devoted to seeking reconsideration of the earlier screening Order and which incorporated parts of the earlier pleading by references. (ECF No. 10.) The Court denied the implicit motion for reconsideration and dismissed the "second amended complaint" with prejudice on April 7, 2017 for failure to state a claim. (ECF No. 11.) Plaintiff filed a Notice of Appeal on April 24, 2017. (ECF No. 12.)

On January 25, 2018, the Ninth Circuit, citing its recent decision in <u>Williams v. King</u>, 875 F.3d 500, 503-04 (9th Cir. 2017), vacated the dismissal Order (ECF No. 11) and remanded the action for further proceedings because all parties, including unserved defendants, had to have consented to Magistrate Judge jurisdiction and the Defendants had not so consented. (ECF No. 17 at 2.) On February 16, 2018, the Ninth Circuit's mandate was entered in this case. (ECF No. 19.)

For the reasons outlined below, the undersigned directs that within thirty days, Plaintiff either: (1) File a Notice that he wishes to stand on his first amended complaint (ECF No. 8); (2) File a Notice that he wishes to stand on his second amended complaint (ECF No. 10); or (3) File a wholly new third amended complaint that stands entirely on its own and does not attempt to incorporating elements of earlier filings simply by referring to them.

**II.  Ninth Circuit Remand**

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. <u>Williams v. King</u>, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. <u>Id.</u>

On January 25, 2018, the Ninth Circuit applied that ruling to this case, holding that the undersigned Magistrate Judge was not vested with jurisdiction to dismiss Plaintiff's case with prejudice. (ECF No. 17.) Accordingly, the Order of dismissal (ECF No. 11) was

vacated and the case remanded for further proceedings. (ECF No. 19.) The Ninth Circuit did not address the merits of Plaintiff's complaints or the Court's screening orders. (ECF Nos. 17; 19.)

**III.     Plaintiff's "Second Amended Complaint" and Motion for Reconsideration**

As noted above, Plaintiff's "second amended complaint" appeared as, and was treated as, a combined request for reconsideration of the second screening Order (ECF No. 9) and second amended complaint which incorporated by reference claims from the first amended complaint. (ECF No. 10.) In the now-vacated Order dismissing this case, the Court interpreted Plaintiff's request to "set aside" the dismissal as a motion for reconsideration; it denied that motion and proceeded to screen the second amended complaint. (ECF No. 11.) Denying the motion for reconsideration, in effect, constituted a final Order on the first amended complaint. However, Williams v. King, rendered invalid any such final Order on the first amended complaint.

Plaintiff's "second amended complaint" could either be interpreted as a request to stand on the first amended complaint, as is Plaintiff's right, and/or a subsequent complaint offered for screening.  It does not, however, comply with Local Rule 220, which requires that an amended complaint be complete in itself without reference to any prior pleading.

Given the ambiguity resulting from conflation of the first amended complaint, the "second amended complaint" and the motion for reconsideration, the Court will direct Plaintiff to specifically and clearly clarify which version of the complaint he wishes to proceed.  The Court elaborates on Plaintiff's options below.

**IV.     Options**

**A.     Notice of Intent to Stand on Earlier Complaint**

Plaintiff may forego further amendment and notify the Court that he wishes to stand on either his first complaint or his second amended complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If Plaintiff elects to stand on either his first or second amended complaints,

3

the undersigned will, for the same reasons it undertook earlier to dismiss the actions, issue findings and recommendations to the District Judge to dismiss them without leave to amend. Plaintiff will have an opportunity to object to any such findings and recommendation, and the objections will be addressed and decided by a District Judge.

**B.     Third Amended Complaint**

Alternatively, Plaintiff may file a third amended complaint that corrects the deficiencies identified by this Court in its earlier screening orders (ECF Nos. 7; 9; 11). The Court encourages Plaintiff to exercise this option so that his claims may be properly presented in one place where the problems found with the earlier complaints have been corrected.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In short, if there is material in an earlier pleading or argument that Plaintiff wants the Court to consider, he must restate it in the third amended Complaint, not just refer back to an earlier pleading.

Plaintiff also is encouraged to focus on facts and claims necessary to state a viable claim, not confuse the complaint with arguments as to why he feels prior orders were wrong.  He may address his dissatisfaction with prior orders in papers separate

and apart from his third amended complaint, and also object to the District Judge about any findings and recommendations on the third amended complaint by the undersigned judge.

Plaintiff will have a vehicle to object to the undersigned's prior orders if they stand or, since they likely will be superseded by the undersigned's ruling hereafter, he can object to the new findings and recommendations when issued. Combining objections with a pleading generally serves to confuse the issues and make it more difficult to determine if Plaintiff may have a cognizable claim.

**V.  Essential Pleading Elements**

Plaintiff's previous filings indicated his intent to assert claims for retaliation under the First Amendment and a violation of procedural due process under the Fourteenth Amendment. To assist Plaintiff in formulating a third amended complaint, if he chooses to do so, the Court here sets out the elements essential to such claims:

**A.  Procedural Due Process**

The Due Process Clause protects individuals from deprivations of liberty without due process of law. U.S. CONST. amend. XIV. To make a Fourteenth Amendment procedural due process claim, a Plaintiff must show: (1) that a life, liberty or property interest exists and has been subject to interference by the state; and (2) that the procedures attendant upon the deprivation of that interest were constitutionally insufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 460 (1990). A liberty interest may arise from the Constitution itself, or from an expectation or interest created by state laws or policies. Wolff v. McDonnell, 418 U.S. 539, 556-58 (1974).

Civil detainees have a liberty interest in not being punished without due process. See Rhoden v. Carona, No. SACV 08-00420 JHN (SS), 2010 WL 4449711, at *21 (C.D. Cal. Aug. 24, 2010) (citing Mitchell v. Dupnik, 75 F.3d 517, 524 (9th Cir. 1996) (requiring pretrial detainees be afforded a hearing prior to being subjected to disciplinary action)); see also Cerniglia v. Cty. of Sacramento, No. 2:99-cv-01938-JKS-DAD, 2008 WL 1787855, at *14 (E.D. Cal. Apr. 18, 2008) (noting that "[c]ontrolling law in this circuit is

5

that due process requires that a pretrial detainee be provided a hearing before being subjected to internal disciplinary action" and seeing no reason not to extend that principle to civil detainees).

The Supreme Court has outlined the minimum procedural protections due before a detainee may be deprived of a liberty interest effecting major changes in the conditions of confinement amounting to punishment. Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Mitchell v. Dupnik, 75 F.3d at 525 (applying Wolff to pretrial detainees); Rhoden, 2010 WL 4449711, at *22 (applying Wolff to civil detainees.) They are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Wolff, 418 U.S. at 563-71.

**B. Retaliation**

Section 1983 provides for a cause of action against officials who retaliate against detainees for exercising their constitutionally protected rights. See Pratt v. Rowland, 65 F.3d 802, 806 n. 4 (9th Cir. 1995) ("[R]etaliatory actions by prison officials are cognizable under § 1983.") Within the institutional context, a viable claim of retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against a [detainee] (2) because of (3) that [detainee's] protected conduct, and that such action (4) chilled the [detainee's] exercise of his constitutional rights, and (5) the action did not reasonably advance a legitimate [institutional] goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord* Watison v. Carter, 668 F.3d at 1114-15; Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Brodheim v. Cry, 584 F.3d at 1269.

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a

6

"'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce, 351 F.3d at 1289 (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, the right to refuse unwanted medical treatment is constitutionally protected. Cruzan by Cruzan v. Director, Missouri Dept. of Health, 497 U.S. 261, 278 (1990).

With respect to the fourth prong, the correct inquiry is to determine whether an official's acts "could chill a person of ordinary firmness from continuing to engage in the protected activity[]." Pinard v. Clatskanie School Dist. 6J, 467 F.3d 755, 770 (9th Cir. 2006); see also White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000).

With respect to the fifth prong, a detainee must affirmatively allege that the "authorities' retaliatory action did not advance legitimate goals of the [] institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d at 532.

**VI. Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall, within thirty days of the date of service of this Order, either:

(1)    File a Notice that he wishes to stand on his first amended complaint (ECF No. 8);

(2)    File a Notice that he wishes to stand on his second amended complaint (ECF No. 10); **OR**

(3)    File a third amended complaint that complies with the above-stated requirements concerning amended complaints.

Furthermore, IT IS HEREBY ORDERED that the Clerk of Court send Plaintiff a

blank complaint form, along with a copy of the first amended complaint (ECF No. 8) filed November 22, 2016 and a copy of the second amended complaint (ECF No. 10) filed March 1, 2017.

If Plaintiff does not respond to this Order, the Court will recommend dismissal for failure to prosecute and failure to comply with a Court Order.

IT IS SO ORDERED.

Dated: February 27, 2018      /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE