UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>        Plaintiff,<br><br>v.<br><br>JESSICA SANTIAGO,<br><br>        Defendant. | Case No. 1:16-cv-01065-JDP<br><br>SCREENING ORDER<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM WITHOUT LEAVE TO AMEND<br><br>ECF No. 22<br><br>OBJECTIONS DUE WITHIN 14 DAYS |

Plaintiff is a civil detainee proceeding without counsel and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's third amended complaint, filed March 15, 2018, ECF No. 22, is before the court for screening under 28 U.S.C. § 1915(e). Plaintiff raises claims related to his right to refuse medical treatment and to use his access-hall card. These claims are not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983. Accordingly, we recommend that the complaint be dismissed without leave to amend.

**I.    PROCEDURAL BACKGROUND**

Plaintiff initiated this action on July 25, 2016. ECF No. 1. On November 1, 2016, the court dismissed plaintiff's complaint with leave to amend. ECF No. 7. On February 13, 2017, the court screened plaintiff's first amended complaint and found it again stated no cognizable

1

claims. ECF No. 9. On March 1, 2017, plaintiff filed his second amended complaint. ECF No. 10. The court dismissed the case with prejudice on April 7, 2017, for failure to state a claim. ECF No. 11. Plaintiff appealed on April 24, 2017. ECF No. 12. On November 9, 2017, in a separate case brought by the plaintiff in this case, the Ninth Circuit reversed this district's practice of allowing magistrate judges to enter screening orders based upon the plaintiff's consent before all parties in the case were served. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (holding that "consent of all parties (including unserved defendants) is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions"). Following that decision, the Ninth Circuit vacated the order of dismissal in this case and remanded. ECF No. 19. On February 28, 2018, we entered an order directing plaintiff to file either a notice to stand on a previous complaint or a third amended complaint. ECF No. 21. Plaintiff filed his third amended complaint on March 15, 2018. ECF No. 22. Plaintiff re-alleges his procedural due process claim and his right to refuse medical treatment claim.

## II. STATEMENT OF FACTS[1]

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH"). ECF No. 22 at 1. Defendant is a unit supervisor at CSH. *Id.* at 3. In or around March 2016, plaintiff stopped taking his blood pressure medicine, rendering his hypertension uncontrolled. *Id.* at Ex. C. On April 5, 2016, defendant told plaintiff "that because [plaintiff] refused to take the medications that had been prescribed for him . . . [defendant] was placing his access-hall card on a medical hold." *Id.* at 2.[2]

The hold on plaintiff's access-hall card prevented him from using the card to enter and

---

[1] We draw the following facts from plaintiff's third amended complaint, ECF No. 22, and accept them as true for screening purposes. We treat the exhibits attached to plaintiff's complaint as part of the pleading. *See* Fed. R. Civ. Proc. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

[2] The complaint does not state whether plaintiff's access-hall card was placed on hold or whether defendant merely threatened to place the access-card on hold. *Compare id.* at 5 (". . . defendant . . . in threatening to place [plaintiff's] access hall-card on hold . . ."), *and id.* at Ex. A (categorizing the action of defendant as a "threat" to place plaintiff's "level on hold"), *with id.* at Ex. C (categorizing plaintiff's grievance as plaintiff having "been confined to the unit on a medical hold for not taking . . . medications"). However, drawing all inferences in favor of plaintiff, we infer that plaintiff's access-hall card was placed on hold.

2

exit the "unit-6 housing facility" at CSH. *Id.* at 2. For individuals without access-hall cards, there is an alternative procedure for accessing the unit: staff open the door for patients when patients ring the doorbell. *Id.* at Ex. B.

### III. SCREENING AND PLEADING REQUIREMENTS

The *in forma pauperis* statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The court must construe a litigant's complaint liberally when he is proceeding without counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) allege that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## IV. ANALYSIS

### A. Right to Refuse Medical Treatment

Plaintiff alleges that defendant violated his Fourteenth Amendment right to refuse unwanted medical treatment. A "competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment." *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497 U.S. 261, 278 (1990). We decide whether plaintiff's right to refuse treatment was violated by balancing plaintiff's "liberty interests against the relevant state interests." *Id.* at 279 (quoting *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982)). We consider "the need for the government action in question, the relationship between the need and the action, the extent of harm inflicted, and whether the action was taken in good faith or for the purpose of causing harm." *Plumeau v. Sch. Dist. No. 40*, 130 F.3d 432, 438 (9th Cir. 1997).

Plaintiff refused to take his blood pressure medicine and his hypertension was uncontrolled. In response, defendant limited plaintiff's access-hall card, reducing the ease with which plaintiff could enter and exit the unit-6 housing facility. Plaintiff does not allege that he took blood pressure medicine because of the access-hall card restriction or for any other reason. Plaintiff does not allege for what purpose he uses the unit-6 housing facility, how often he needs to enter and exit it, or any specific instances when he was unable to access the unit, either with his access-hall card or using the doorbell. Plaintiff does not allege how long his access-hall card was placed on hold. It does not appear from the face of the complaint that plaintiff suffered any harm, apart from some potential inconvenience entering and exiting the unit-6 housing facility. Indeed, an exhibit attached to the complaint indicates that plaintiff was able to access the unit with staff assistance. Plaintiff presents no evidence that defendant acted in bad faith. The facts alleged by plaintiff are insufficient to for this court to evaluate whether plaintiff's right to refuse treatment was violated. *See Plumeau*, 130 F.3d at 438. Therefore, plaintiff has failed to plead sufficient facts to allege a "plausible claim" for relief regarding his right to refuse medical treatment. *See Bell Atl. Corp.*, 550 U.S. at 570.

### B. Procedural Due Process

Plaintiff claims that his liberty interest in not being punished without due process was

violated when his access-hall card was restricted.  The Due Process Clause protects individuals from deprivations of liberty without due process of law.  U.S. Const. amend. XIV.  A procedural due process claim consists of two parts: (1) a life, liberty, or property interest that has been subject to interference by the state; and (2) constitutionally insufficient procedures "attendant upon the deprivation."  *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1990).  Not all potential liberty deprivations require the same level of procedural protections.  *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).

Plaintiff argues that he was deprived of his access-hall card after he was found guilty of a disciplinary violation without notice, a hearing, or any of the other procedural requirements listed in *Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974).  *See* ECF No. 22 at 4.  However, the alleged facts indicate that plaintiff's access-hall card was restricted as an administrative measure in response to a health concern, not as a disciplinary violation.  Plaintiff refused to take his medicine, leaving his hypertension uncontrolled.  Therefore, defendant placed plaintiff's access-hall card on a hold, preventing plaintiff from entering and exiting the unit-6 housing facility without staff assistance.  This trivial loss of privileges is not the sort of deprivation to which the *Wolff* procedural rights attach.  *See Senty-Haugen v. Goodno*, 462 F.3d 876, 886 n.7 (8th Cir. 2006) (finding that a civil detainee's deprivation of "access to the canteen and outside vendors and computer privileges" to be *de minimis* restrictions) (citing *Bell v. Wolfish*, 441 U.S. 520, 539 n.20 (1979)).  Accordingly, plaintiff's procedural due process claim must fail.

### V.    CONCLUSION

We have screened plaintiff's third amended complaint and find that it fails to state a cognizable claim.  Plaintiff has been given multiple opportunities to amend his complaint.  Any further leave to amend would be futile.  Accordingly, we recommend that the court dismiss plaintiff's complaint with prejudice.  *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend." (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995))); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant was entitled to notice of the deficiencies in his

complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment).

**VI. ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**VII. RECOMMENDATION**

We recommend that plaintiff's third amended complaint, ECF No. 22, be dismissed for failure to state a claim for relief. The complaint should be dismissed with prejudice because amendment would be futile.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: March 6, 2019

UNITED STATES MAGISTRATE JUDGE

No. 204